[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10260
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00599-KD-B


LATASHAR REYNOLDS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 8, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Latashar Reynolds appeals the district court's order affirming the Commissioner of the Social Security Administration's ("the Commissioner") denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"), 42 U.S.C. §§ 405(g), 1383(c)(3).  Reynolds argues on appeal that the administrative law judge ("ALJ") applied the wrong severity standard in finding that her scoliosis and depression were not severe impairments.  Liberally construing her *pro se* brief, Reynolds also argues that the ALJ erred in failing to remand her case to the Commissioner under the sixth sentence of 42 U.S.C. § 405(g) based on new evidence first presented to the district court.

I.

We review a Commissioner's decision to determine whether "it is supported by substantial evidence and based on the proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (internal quotation marks omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).  "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks and alteration omitted).  Even if the evidence preponderates

2

against the Commissioner's factual findings, we must affirm if substantial evidence supports the decision. *Crawford*, 363 F.3d at 1158-59. We review the decision of the ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under the first step, the claimant has the burden to show that he is not currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). Next, the claimant must show that he has a severe impairment. *Id.* § 404.1520(a)(4)(ii). He then must attempt to show that the impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id.* § 404.1520(a)(4)(iii). If the claimant cannot meet or equal the criteria, he must show that he has an impairment which prevents him from performing his past relevant work. *Id.* § 404.1520(a)(4)(iii) and (iv). Once a claimant establishes that he cannot perform his past relevant work due to some severe impairment, the burden shifts to the Commissioner to show that significant numbers of jobs exist in the national economy which the claimant can perform. *Id.* § 404.1520(a)(4)(v).

An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. § 404.1520(c).  "Basic work activities" include: "[p]hysical functions such as walking, standing, sitting, lifting, pulling, reaching, carrying or handling; [c]apacities for seeing, hearing and speaking; [u]nderstanding, carrying out and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, coworkers and usual work situations; and [d]ealing with changes in a routine work setting."  20 C.F.R. § 404.1521(b).

> Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected.  The claimant's burden at step two is mild.  An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

*McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

The Social Security regulations require an additional "special technique" when evaluating the severity of mental impairments, which requires the ALJ to consider four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.  20 C.F.R. § 404.1520a(a)(1), (c)(3)-(4).  Under this analysis,

[i]f we rate the degree of your limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.

*Id.* § 404.1520a(d)(1). Further, in the context of determining a claimant's RFC when the claimant alleges mental impairment, we have held that the ALJ must "complete a [Psychiatric Review Technique Form ("PRTF") ] and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005); *see* 20 C.F.R. § 404.1520a(e)(2).

Reynolds presented no medical evidence documenting her diagnosis or treatment for scoliosis or the functional limitations that the condition caused her. Thus, she failed to show that her scoliosis could be expected to interfere with her ability to work. Furthermore, the only medical evidence supporting her claim of depression was one doctor's report which diagnosed her with depression that could be expected to respond favorably to treatment. She provided no testimony regarding her depression or its functional limitations. We note, too, that the ALJ properly analyzed the alleged depression using the "special technique" required by the regulations and circuit caselaw. Because substantial evidence supports the

ALJ's finding that Reynolds's scoliosis and depression were not severe impairments, we affirm as to this issue.

II.

A district court's denial of a motion to remand based on new evidence is reviewed *de novo*. *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001). The sixth sentence of 42 U.S.C. § 405(g) provides that a reviewing court may remand a Social Security case to the agency for consideration of new evidence that previously was unavailable. 42 U.S.C. § 405(g). To demonstrate that a remand is needed under sentence six, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

The non-cumulative requirement is satisfied by the production of new evidence when no similar evidence is contained in the administrative record. *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988). For evidence to be new and noncumulative, it must relate to the time period on or before the date of the ALJ's decision. *See Wilson v. Apfel*, 179 F.3d 1276, 1278–79 (11th Cir. 1999)

6

(holding that a doctor's opinion one year after the ALJ decision was not probative as to any issue on appeal). By contrast, evidence of a condition that existed prior to the ALJ hearing, but was not discovered until after the ALJ hearing, is new and noncumulative. *See Vega*, 265 F.3d at 1218-19 (holding that remand was warranted because a doctor discovered and surgically corrected a herniated disk after the ALJ's decision); *see also Hyde v. Bowen*, 823 F.2d 456, 459 & n.4 (11th Cir. 1987) (holding that the new evidence provided an objective medical explanation for Hyde's previously unexplained complaints of pain).

Reynolds's medical records regarding a pregnancy and miscarriage are not probative because they do not contain any information relating to her alleged impairments and do not relate to the time period on or before the ALJ's decision. Because Reynolds's other new evidence was likewise not material, and she did not show good cause for failing to present it during the administrative proceedings, we conclude that the evidence did not warrant remand under the sixth sentence of § 405(g).

For the above-stated reasons, we affirm the Commissioner's denial of DIB and SSI benefits.

**AFFIRMED.**