[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13289
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-01120-CLS

FELICIA BEAVERS,
on behalf of Jasmine Worthy,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 9, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Felicia Beavers, on behalf of her minor daughter, Jasmine Worthy (hereinafter "Worthy"), appeals the district court's order affirming the Social Security Administration's denial of her application for supplemental security income.  On appeal, Worthy argues that the Appeals Council improperly denied her petition for review based on new evidence because it failed to articulate its rationale or show an adequate evaluation of her new evidence.[1]  After review, we conclude that the Appeals Council adequately explained its reason for denying Worthy's petition for review and affirm.

## I.  BACKGROUND

Appellant Worthy's application for benefits alleged that she was disabled due to seizures, depression, and anxiety.  After a hearing, the Administrative Law Judge ("ALJ") denied Worthy's application, applying the three-step sequential analysis used to determine whether a child is disabled.  Specifically, at the third step, the ALJ concluded that Worthy's impairments did not functionally equal an impairment in the Listing of Impairments because Worthy did not have two "marked" limitations or one "extreme" limitation in the six "domains" used to evaluate a child's functional limitations.

The evidence before the ALJ included, among other things, that (1) in early

---

[1]On appeal, Worthy challenges only the Appeals Council's denial of her petition for review and not the ALJ's underlying decision.  Thus, Worthy has abandoned any claim of error with respect to the ALJ's decision.  See Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1542 (11th Cir. 1994) (explaining that issues not raised on appeal ordinarily are considered abandoned).

2009, after a car accident, Worthy began having seizures and pseudoseizures, sometimes as often as every other day; (2) occasionally Worthy was taken by ambulance to the emergency room, and discharged the same day; (3) Worthy initially was prescribed Depakote, which did not significantly change the frequency of her seizures; (4) because some of the seizures appeared panic-related, Worthy also was prescribed Zoloft; (5) Worthy performed satisfactorily in school, but her grades had declined, and she attended only half day due to afternoon seizures; (6) after Worthy's neurologist replaced Depakote with Lamictal in late 2010, the frequency of her seizures decreased significantly; (7) as a result, Worthy was able to return to school full time and her grades improved, and (8) a neuropsychological evaluation indicated that Worthy had mild impairments in higher-level language functions, but her nonverbal intellectual functioning was in the average range.

Before the Appeals Council, Worthy's petition for review submitted new evidence, including a few more medical treatment and billing records relating to Worthy's seizures, medications, and ambulance trips to the emergency room; a seizure log from 2011 and 2012; and a questionnaire completed by one of Worthy's middle school teachers. The Appeals Council denied the petition for review. The Appeals Council stated that it had "considered the reasons [Worthy] disagree[d] with the decision and the additional evidence" Worthy had submitted.

3

The Appeals Council also "considered whether the Administrative Law Judge's action, findings, or conclusion [was] contrary to the weight of evidence of record," and "found that this information does not provide a basis for changing the Administrative Law Judge's decision."

## II.  DISCUSSION

### A.    Three-Step Evaluation Process

The ALJ uses a three-step, sequential evaluation process to determine whether a claimant under the age of 18 is disabled.  20 C.F.R. § 416.924(a); see Wilson v. Apfel, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999).  Under this process, the ALJ evaluates: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a severe and medically determinable impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the Listing of Impairments.  20 C.F.R. §§ 416.924(a)-(d); 416.926(a).  In doing so, the ALJ considers "all relevant information," including evidence from medical and nonmedical sources, such as the child's parents and teachers.  Id. § 416.926a(b)(3), (e)(1).

At step three, to determine whether the child's impairments "functionally equal" a listed impairment, the ALJ looks at whether the child has "marked" limitations in at least two of six "broad areas of functioning" called domains, or an

4

"extreme" limitation in one domain.  Id. § 416.926a(a), (b)(1), (d).  These six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  Id. § 416.926a(b)(1).  The regulations also provide illustrative lists of examples of limited functioning within each domain.  Id. § 416.926a(i)(3)(i)-(vi), (g)-(l).  The regulations explicitly advise that "the examples do not necessarily describe a 'marked' or 'extreme' limitation," as defined by the regulations.  20 C.F.R. § 416.926a(b)(1), (g)(3), (h)(3), (i)(3), (j)(3), (k)(3), (l)(4).

An "extreme" rating is reserved for "the worst limitations," ones that interfere "very seriously" with the child's ability to independently initiate, sustain, or complete activities.  Id. § 416.926a(e)(3)(i).  A child's limitation is "marked" if it is "less than extreme," but "more than moderate" and "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities."  Id. § 416.926a(e)(2)(i).

## B.    Petition for Review Based on New Evidence

Generally, a claimant may present new evidence at each stage of the administrative process.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 404.900(b).  If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material,

and chronologically relevant.  20 C.F.R. § 404.970(b).  New evidence must not be cumulative of other evidence in the record.  See Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).  The evidence is material if "there is a reasonable possibility that the new evidence would change the administrative outcome."  Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987).  The Appeals Council must grant the petition for review if it finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence," including the new evidence.  Ingram, 496 F.3d at 1261 (quotation marks omitted).

In Mitchell v. Commissioner, this Court recently concluded that the Appeals Council is not required to provide a detailed explanation of a claimant's new evidence when it denies a petition for review.  Mitchell, 771 F.3d 780, 783-85 (11th Cir. 2014).  The Appeals Council in Mitchell denied review, stating simply that it had considered the additional evidence but "the information did not provide a basis for changing the ALJ's decision."  Id. at 782.  This Court explained that the Appeals Council's statement indicated that it had "accepted Mitchell's new evidence but denied review because the additional evidence failed to establish error in the ALJ's decision."  Id. at 784.  This Court determined that the Appeals Council's explanation was sufficient, emphasizing that the record did not provide a "basis for doubting the Appeals Council's statement that it considered Mitchell's additional evidence."  Id. at 783-84 (distinguishing Epps v. Harris, 624 F.2d 1267

6

(5th Cir. 1980), in which the new evidence directly undermined the ALJ's stated rationale for its decision and thus "provided us with an affirmative basis for concluding the Appeals Council failed to evaluate the claimant's new evidence").

On appeal, "when a claimant properly presents new evidence to the Appeals Council [but the Appeals Council denies review], a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram, 496 F.3d at 1262.

## C.    Appeals Council's Denial of Worthy's Petition For Review

Here, the Appeals Council denied Worthy's petition for review, stating, as it did in Mitchell, that it had considered Worthy's reasons for disagreeing with the ALJ's decision and her new evidence, but found that the new evidence did not provide a basis for changing the ALJ's decision. Under Mitchell, no further explanation was required of the Appeals Council. Mitchell, 771 F.3d at 784.

Worthy relies upon Epps v. Harris, which required the Appeals Council to show in its decision that it had adequately evaluated the new evidence. Epps, 624 F.2d at 1273. As we explained in Mitchell, however, Epps involved an Appeals Council's affirming the ALJ, and thus Epps does not apply when, as here, the Appeals Council denies a petition for review. Mitchell, 771 F.3d at 783.

Furthermore, nothing in the administrative record provides a basis for concluding that the Appeals Council did not in fact consider Worthy's new

evidence as it stated.  See id. at 783-84 (distinguishing Epps further because it was apparent from the record that the Appeals Council had not considered the post-hearing evidence that contradicted the ALJ's premise for denying benefits).  That is, none of Worthy's new evidence directly undermines the ALJ's stated rationale for his decision.

The ALJ, in concluding Worthy did not have impairments that functionally equaled a listed impairment, stressed that the record indicated the right medication and dosage had greatly reduced Worthy's symptoms.  In fact, the record showed that once Worthy began taking Lamictal, the frequency of her seizures went from as many as twenty seizures a month to one seizure a week or less and that Worthy now is able to attend school for a full day.  As to the six domains, the ALJ found that Worthy had a marked limitation in only one domain (health and physical well-being), had a less than marked limitations in four domains (acquiring and using information, attending and completing tasks, interacting and relating with others, caring for herself), and had no limitation in one domain (moving about and manipulating objects).

With her petition for review, Worthy submitted additional medical records and a seizure log.  The medical records showed Worthy continued to be treated for seizures, including taking Lamictal for her seizures and Zoloft for anxiety, and did not show a worsening of her symptoms.  The seizure log indicated that Worthy had

8

four seizures per month from July to October 2011 and three seizures per month from November 2011 to February 2012. In other words, Worthy's new evidence is consistent with the ALJ's finding that Worthy's symptoms had improved with proper medication.

Worthy also submitted a teacher questionnaire, which indicated that Worthy had "obvious" and "serious" problems with some activities, such as comprehending math problems, expressing anger, and providing organized oral explanations. But, these activities only loosely correspond to the examples of limited functioning in each domain listed in the regulations, which themselves "do not necessarily describe a 'marked' or 'extreme' limitation." See, e.g., 20 C.F.R. § 416.926a(g)(3).

Further, the teacher's overall evaluation of each domain appears to be consistent with the ALJ's findings. For example, although the teacher evaluated Worthy as having an "obvious problem" with four activities within the domain of "interacting and relating with others," the teacher indicated that Worthy had "no problem" or only a "slight problem" with nine other activities. Thus, the teacher's evaluation of Worthy's limitations in this domain does not undermine the ALJ's finding that Worthy had a "less than marked" limitation in this domain.

On appeal, Worthy argues that the teacher evaluation shows "the equivalent to a marked or extreme impairment" in the domain of "acquiring and using

9

information."  To be sure, the teacher's ratings indicate that Worthy has the most problems in that domain.  Yet, the teacher indicated that Worthy had no or only slight problems with four activities, obvious problems with four activities, and serious problems with only two activities.  Moreover, the teacher questionnaire does not explain what distinguishes between slight, obvious, or serious problems or how these designations might correspond to "less than marked," "marked," or "extreme" ratings as defined in the regulations.

For the same reasons, Worthy's new evidence submitted to the Appeals Council does not render the denial of benefits erroneous.  The new evidence is either cumulative of, or consistent with, the evidence that was before the ALJ.  The new evidence also is not "material," in that there is not a "reasonable possibility" the ALJ would have made a "marked" finding in one of the other five domains or made an "extreme" finding in any of the six domains had he seen Worthy's new evidence.  Accordingly, the Appeals Council did not err in denying Worthy's petition for review.

**AFFIRMED.**