[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13406
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01590-VMC-MAP


LAVERNE C. MCCANTS,

Plaintiff-Appellant,


versus


COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 13, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Laverene McCants appeals a decision that affirmed the denial of his application for disability insurance benefits for the period between September 1, 2002, and March 31, 2004. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). McCants challenges the finding of the administrative law judge that he was not disabled and argues that the district court should have remanded his case for the Commissioner to reconsider a mental health report prepared by Dr. William Pettibon. We affirm.

Two standards of review govern this appeal. First, we review the decision of the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion" that a claimant is not entitled to benefits. *Id.* Second, we review *de novo* the denial of McCants's request to remand his case. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). A remand is warranted under the fourth sentence of section 405(g) only if the evidence is new and material. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is material if "there is a reasonable possibility that it would change the administrative result." *Id.*

Substantial evidence supports the finding of the administrative law judge that McCants was not disabled. The administrative law judge considered

2

McCants's medical records, his accounts of his condition, and opinion evidence and reasonably determined that his gouty arthritis, osteoarthritis, chronic back pain, obesity, human immunodeficiency virus (HIV), hyperlipidemia, dental problems, and hypertension were not severe because they did not "significantly limit[] [his] ability to perform basic work activities." *See* 20 C.F.R. § 404.1520(c). Medical records reflected that, in October 2002 and February 2003, McCants's arthritis tests had results within normal limits and he had two minor flare-ups of his gout; in October 2002 and August 2003, the crepitus in his knees remained mild; in August 2003, he had no joint inflammation and his breathing, heartrate, and kidneys were normal; and in December 2003 he had numbness and swelling around his left jaw that subsided in January 2004. McCants reported that his condition improved over time: in October 2002, he reported feeling "so-so" and "somewhat better"; in February 2003, he reported doing fairly well with his arthritis; in August 2003, he reported feeling fine and without pain; and in January 2004, he reported that his jaw pain had subsided. And McCants also reported in 2003 that his HIV had not required treatment since June 2000. McCants testified that he had been disabled by an injury to his back and by gout that required him to use crutches to ambulate, but his testimony was inconsistent with the objective medical evidence and his statements to his physicians about working in 2004 and his overall health. *See Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002).

The administrative law judge had good cause to discount the opinion of Dr. Douglas Walsh in determining whether McCants was disabled. In April 2002, Dr. Walsh treated McCants for back pain, and in July 2010, the doctor wrote a memorandum on McCants's behalf opining that his impairments were disabling. The doctor opined that McCants's impairments rendered him unable to sit for prolonged periods; made it difficult for him to stand and walk without severe pain; interfered with his ability to bend and carry much weight; and required him to rest at regular intervals and to use crutches to ambulate. The administrative law judge reasonably discredited Dr. Walsh's opinion as "conclusory[ because it] provid[ed] very little explanation of the evidence relied on"; "inconsistent with the medical record[, which] contained little to no evidence from September 1, 2002 to March 31, 2004, of findings related to [McCants's] range of motion or gait"; and contradicted by McCants's "report[s] [that] he was doing well." *See Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004).

The district court did not err by refusing to remand McCants's case for the Commissioner to reconsider a psycho-educational report prepared by Dr. Pettibon in January 2013. The Appeals Counsel was mistaken in finding that the report did not "relate[] to the period on or before the date of the administrative law judge hearing decision," 20 C.F.R. § 404.970(b); *see id.* § 416.1470(b), because the report described McCants's low cognitive abilities and low IQ, which are

4

presumed "to remain fairly constant throughout life," *Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001). Even so, a remand is unnecessary because the report is not material. *See Hyde*, 823 F.2d at 459. Nothing in the report reveals that "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence . . . of record." 20 C.F.R. § 404.970(b). There is no medical evidence in the record on the subject of Dr. Pettibon's report. *See Ingram*, 496 F.3d at 1261. In April 2009, Dr. Judith Meyers, a state agency psychological consultant, conducted a psychiatric review and reported that there was insufficient medical evidence from which she could opine that McCants had any severe mental impairment on or before March 31, 2004. McCants had testified that he did not read or write well and submitted transcripts from two high schools reflecting that he had average to failing grades and underwent a personality test, but neither McCants's testimony nor the transcripts suggested that McCants had a cognitive or learning disorder. Dr. Pettibon's report does not change the conclusion that the denial of benefits to McCants was supported by substantial evidence.

We **AFFIRM** the denial of McCants's application for disability benefits.