[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11676
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00080-JEO

MARK CLOUGH,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 6, 2016)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Mark Clough appeals the district court's decision affirming the Social Security Administration's denial of his application for disability insurance benefits and Supplemental Security Income.  After the Administrative Law Judge (ALJ) denied his benefits claim, he sought review from the Appeals Council and submitted new evidence—specifically, the evaluations of Dr. Prince and Dr. Wilson, doctors who examined Clough after the ALJ denied his claims.  On appeal, Clough argues that the Appeals Council erred when it refused to consider this new evidence.  After careful review, we affirm.

"With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including before the Appeals Council. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. See Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).  But the Appeals Council "must consider new, material, and chronologically relevant evidence" that the claimant submits.  Ingram, 496 F.3d at 1261; see also 20 C.F.R. §§ 404.970(b), 416.1470(b).  Whether evidence is "new, material, and chronologically relevant" is a question of law subject to de novo review. Washington v. Soc. Sec. Admin., Comm'r, No. 15-10413, 2015 WL 7729553, at *3 (11th Cir. Dec. 1, 2015) (per curiam).

2

New evidence is chronologically relevant if "it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). The ALJ issued an order denying Clough benefits on June 15, 2012. The Appeals Council denied review, finding that both Dr. Prince's physical evaluation, dated August 31, 2012, and Dr. Wilson's psychological evaluation, dated September 5, 2012, concerned "a later time" than the ALJ's decision covered and thus were not chronologically relevant.

Examinations conducted after the ALJ's decision may still be chronologically relevant if they "relate back to the period before the ALJ's decision." See Washington, 2015 WL 7729553, at *4. In addition to conducting a physical examination, Dr. Prince relied on evidence of: (1) Clough's epilepsy "since being a child"; (2) his hip surgery in 2000 and a spinal injury in 2009; and (3) his last gainful employment in August 2009. All of these issues predate the ALJ's June 2012 determination. Dr. Wilson's opinions about Clough's cognitive limitations, borderline intelligence, and depression also relate to issues that manifested before the ALJ's decision. Even though neither doctor specified that his opinion applied to the time period before the ALJ's decision, we find that Dr. Wilson and Dr. Prince's evaluations were chronologically relevant.

However, we affirm the district court because Dr. Prince and Dr. Wilson's evaluations did not provide new, noncumulative evidence. See Caulder v. Bowen,

791 F.2d 872, 877 (11th Cir. 1986).  Dr. Prince diagnosed Clough as suffering from "multiple fractures, epilepsy, grand mal seizure activity, generalized anxiety disorder, and borderline intellectual functioning."  This diagnosis is consistent with the ALJ's finding that Clough had "severe" impairments that included epileptic seizures, multiple spinal fractures, generalized anxiety disorder, and depression.  In addition, Dr. Jack Bently, whose psychological evaluation was presented to the ALJ, estimated that Clough had borderline intellectual functioning.  We note that Dr. Prince diagnosed Clough with "total disability," which the ALJ did not. However, this diagnosis does not change our outcome because whether a claimant is disabled is not a medical opinion but rather a legal determination to be made by the SSA.  See 20 C.F.R. § 404.1527(d)(1).

Clough argues that Dr. Wilson's psychological evaluation is new evidence "show[ing] a severity of depression."  However, the ALJ already found that Clough had severe depression and incorporated a number of mental limitations into Clough's residual functional capacity assessment.[1]  Dr. Wilson's observations of Clough's appearance, mood, and mental capabilities were also largely cumulative of the observations made by Dr. Bently prior to the ALJ's decision.  Since Dr. Prince and Dr. Wilson's evaluations do not provide new evidence, there is not

---

[1] A claimant's residual functional capacity is "the most [work he] can still do despite [his] limitations."  20 C.F.R. § 416.945(a)(1).

a "reasonable possibility" that they "would change the administrative outcome."

Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987).  We affirm the district court's

order upholding the Appeals Council's denial of review.

**AFFIRMED.**