[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-11026

Non-Argument Calendar

————————————

CHANDA ALANE HARDIN,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00879-CLM

————————————

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Chanda Hardin appeals the district court's order affirming the Commissioner's denial of her claim for a period of disability, disability insurance benefits, and supplemental security income. She contends the Appeals Council (AC) erred in holding that her medical submissions, which included evidence of a herniated disc, did not show a reasonable probability of changing the outcome of the Administrative Law Judge's (ALJ) decision. She also asserts the ALJ's decision was not based on substantial evidence when it relied on the Vocational Expert's (VE) testimony regarding a question that was not based on a correct or full statement of Hardin's limitations and impairments. After review,[1] we affirm the district court.

---

[1] We review *de novo* the legal principles upon which the Commissioner's decision is based, and the Commissioner's factual findings are conclusive if supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). The Commissioner's decision will not be disturbed if, in light of the record as a whole, it appears to be supported by substantial evidence, which is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). When a claimant properly presents new evidence to the AC, we consider whether that new evidence renders the denial of benefits erroneous. *Ingram*, 496 F.3d at 1262.

## I.  AC DECISION

Generally, claimants are permitted to present new evidence at each stage of the administrative process, including before the AC. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007).  The AC will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R. § 416.1470(a)(5).  If a claimant presents evidence after the ALJ's decision, the AC must consider it if it is new, material, and chronologically relevant.  20 C.F.R. § 404.970(a)(5), (b); *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1063 (11th Cir. 2021).  Evidence is material if it creates a reasonable probability of changing the ALJ's decision.  *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).

However, we have held the AC, in denying a request for review, is not required to "give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision."  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014).  In *Mitchell*, we concluded the AC adequately evaluated new evidence submitted where it accepted the evidence but denied review because the additional evidence failed to establish error in the ALJ's decision.  *Id.*

The record does not support Hardin's claim the AC failed to adequately consider her new evidence.  The AC explicitly noted each of the medial records Hardin submitted, including the MRI

report from June 29, 2017, that showed right-sided disc extrusion/herniation at L5-S1, and it stated it found the new evidence did not show a reasonable probability of a different result. Thus, the AC considered the evidence, specifically incorporating descriptions of the medical records into the record, and concluded the new evidence was insufficient to alter the ALJ's decision. *See id.* Because the AC is not required to give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision, its consideration of Hardin's newly submitted evidence was not erroneous. *See id.*

Likewise, the AC did not err in determining the MRI evidence showing a right-sided disc extrusion/herniation at L5-S1 would not affect the outcome of the ALJ's decision. Hardin contends the MRI is material because the ALJ found her back pain was not substantiated by medical evidence and this finding was contradicted by the MRI evidence showing the back pain was caused by a herniated disc. This argument mischaracterizes the ALJ's hearing decision because the ALJ did not find Hardin's back pain was not caused by a medically determinable impairment. Instead, the ALJ found Hardin's lumbar degenerative disc disease was a severe impairment. Further, the ALJ's residual functional capacity (RFC) assessment accounted for Hardin's back impairments, which is consistent with the MRI, and the MRI does not show any different or more severe disability as to render a reasonable probability it would change the administrative result. *See* 20 C.F.R. § 404.970(b);

*Pupo*, 17 F.4th at 1063. Accordingly, the AC did not err in evaluating Hardin's newly submitted evidence.

## II. ALJ HYPOTHETICAL

At the fifth step of the disability inquiry, the ALJ determines whether the claimant can perform other work in light of the claimant's RFC, age, education, and work experience. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). For a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant. *Ingram*, 496 F.3d at 1270.

While Hardin alleges the ALJ erred in relying on the VE's testimony because the hypothetical question did not accurately state her pain level or her RFC, she does not state what impairments or limitations the ALJ failed to include in the hypothetical question. While she contends the ALJ erred in relying on the VE's testimony regarding a hypothetical individual who could work at a "light exertion level," the ALJ did not rely on the VE's answer to this hypothetical question, but instead the ALJ relied on the VE's answer to his question limiting the hypothetical individual to a range of "sedentary" work.

Hardin's argument fails because the ALJ's hypothetical needed only include Hardin's impairments, which it did when the

ALJ asked the VE about a hypothetical individual limited to a range of sedentary work. *See Ingram*, 496 F.3d at 1270.  The ALJ was not required to include each and every symptom of Hardin's in the hypothetical question.  *See id.*  Accordingly, we affirm.

**AFFIRMED.**