[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13863

Non-Argument Calendar

_____

TERESA DARLENE CHAPMAN,

Plaintiff-Appellant,

*versus*

COMMISIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01959-HNJ

_____

Before JORDAN, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Teresa Chapman appeals the district court's order affirming the Social Security Commissioner's denial of her claim for supplemental security income ("SSI"), pursuant to 42 U.S.C. § 1383(c)(3).  First, she argues that the Appeals Council erred in denying review of the administrative law judge's denial of her claim for SSI when it refused to consider new evidence that was dated after the ALJ's decision.  Second, she argues—for the first time on appeal—that the ALJ's exclusion of incontinence from the list of her severe impairments is not supported by substantial evidence.  Finally, Ms. Chapman contends that her new arguments on appeal are properly preserved because they relate to the same claim put forward at the district court.  We address each claim in turn.

**I**

Ms. Chapman filed an application for SSI in June of 2019, alleging a disability onset date of May 1, 2013.  In her initial disability report, she stated that the two stents placed in her heart following a heart attack limited her ability to work.  Because disability examiners denied her applications initially and on reconsideration, Ms. Chapman requested a hearing before the ALJ.

The ALJ held a hearing in May of 2020 and, one month later, denied Ms. Chapman's application, concluding that she was not disabled and thus did not qualify for SSI.    Ms. Chapman

administratively appealed to the Appeals Council, arguing, among other claims, that new and material evidence supported her claim. To this end, Ms. Chapman submitted a physical capacities form completed in August of 2020 by Theresa Price, a physician assistant who examined Ms. Chapman five times from October of 2018 to March of 2019. On the form ("the Price Opinion"), Ms. Price placed severe limitations on Chapman's ability to work due to her impairments and indicated that these limitations existed at least as far back as May 22, 2019.  Ms. Price did not, however, refer to any past evaluations or findings in reaching her conclusions, nor did Ms. Chapman submit further evidence indicating that the disabilities alleged in the August 2020 form were based on Ms. Price's earlier examinations of her.

The Appeals Council declined review of the ALJ's decision. It stated that the Price Opinion did not relate to the period at issue, and therefore did not affect the ALJ's decision that Ms. Chapman was not disabled from May 1, 2013, through June 9, 2019.

Ms. Chapman subsequently sought judicial review of the agency's decision in the Northern District of Alabama, arguing, among other claims, that the Appeals Council erred by failing to consider the Price Opinion as new, chronologically relevant, and material evidence.  The district court affirmed, finding that the Price Opinion was not chronologically relevant and, even if it were, would not have made a difference in the ALJ's decision.  Ms. Chapman timely appealed.

**II**

In social security appeals, we review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is "less than a preponderance" and "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The individual seeking social security benefits bears the burden of proving that they are disabled. *Id.*

Generally, a claimant may present evidence at each stage of the agency's administrative review process, including to the Appeals Council. *See Hargress v. Soc. Sec. Admin, Comm'r,* 883 F.3d at 1308. When a claimant properly presents new evidence to the Appeals Council, we consider whether that new evidence renders the denial of benefits erroneous. *See Ingram*, 496 F.3d at at 1262. When an incorrect application of Social Security regulations results in harmless error because the correct application would not contradict the agency's ultimate findings, the agency's decision will stand. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

As part of our *de novo* review, we may consider factors that the Appeals Council did not when it initially refused to consider new evidence. *See, e.g., Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (considering both chronological relevance and materiality when the Appeals Council had considered only chronological relevance).

### III

Ms. Chapman first argues on appeal that the Appeals Council erred in declining to consider the Price Opinion because it did not relate to the period during which Ms. Chapman claimed to be disabled. We disagree.

"If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant." *Hargress,* 883 F.3d at 1309. There must also be a reasonable probability that the new evidence would change the outcome of the ALJ's decision. *See* 20 C.F.R. § 416.1470(a)(5). Whether evidence is new, material, and chronologically relevant is a question of law subject to *de novo* review. *See Washington,* 806 F.3d at 1321. For the purposes of Appeals Council review, evidence is considered material if there is a reasonable probability that it would change the administrative result. *See Hyde v. Bowen,* 823 F.2d 456, 459 (11th Cir. 1987).

Evidence is chronologically relevant if it relates to the period before or on the date of the ALJ decision. *See Keeton v. Dep't of Health & Human Servs.,* 21 F.3d 1064, 1066 (11th Cir. 1994). Medical examinations conducted after an ALJ's decision may still be chronologically relevant if they relate back to a time on or before the ALJ's decision. *See Washington,* 806 F.3d at 1319, 1323. But we have also held that the Appeals Council correctly declined to consider new medical records because the records were "about a later time" than the ALJ's decision and, therefore, did not affect the decision about whether the claimant was disabled during the

relevant period. *See Hargress*, 883 F.3d at 1309. In *Hargress*, we held that the new records were not chronologically relevant because nothing in them indicated that the doctor, who did not treat the claimant during the relevant period, had reviewed the appellant's medical records, or that the information in the new records related to the period at issue. *See id.* at 1309–10.

To support her argument, Ms. Chapman relies heavily on *Washington*. In that case, the claimant submitted to the Appeals Council a psychologist's evaluation and accompanying opinion about the degree of the claimant's mental limitations, which were prepared seven months after the ALJ's decision. *See* 806 F.3d at 1319. We concluded that the psychologist's materials were chronologically relevant because (1) the claimant described his mental symptoms during the relevant period to the psychologist, (2) the psychologist had reviewed the claimant's mental health treatment records from that period, and (3) there was no evidence of the claimant's mental decline since the ALJ's decision. *See id.* at 1322-23 (limiting its holding to "the specific circumstances of the case.").

Ms. Chapman also cites to *Schink v. Comm'r of Soc. Sec.*, 935 F.3d at 1262 (11th Cir. 2019) where we held that "check-box" questionnaires from treating sources should be considered in light of their prior treatment notes of the claimant, rather than in a vacuum. We explained that "a medical opinion's failure to address all possible functional limitations is not a logical reason to discount what it says about the limitations that it does address," and we

rejected the notion that the use of a check-box form automatically warranted discounting the opinion as conclusory. *See id.* We also noted that the doctor's treatment notes were consistent with the conclusions regarding the claimant's health status. *See id.*

After reviewing the record, we conclude that the Appeals Council did not err in determining that the Price Opinion was not chronologically relevant. While Ms. Price may have checked a box on the form indicating that Ms. Chapman's limitations existed as of the initial SSI application date, such an indication is not dispositive of chronological relevance. *See, e.g., Howze v. Soc. Sec. Admin.*, 2022 WL 152236, at *3 (11th Cir. Jan. 18, 2022) (finding that a form submitted by doctor eight months after ALJ decision was not chronologically relevant because nothing in the form indicated that the doctor evaluated claimant's past medical records when forming her opinion). Although *Howze* is unpublished, we find it persuasive on this point.

Unlike Ms. Chapman's contention to the contrary, a treating source does not automatically "incorporate[e] into that form their entire experience with the patient." As in *Washington*, there must be an indication that the source at the very least "reviewed the prior records" and "based [their] opinions on the combined effects" of the claimant's alleged disabilities. *Washington*, 806 F.3d at 1322.

In reviewing Ms. Chapman's treatment history, nothing in the record indicates that Ms. Price relied on her prior treatment notes of Ms. Chapman to reach the conclusions submitted in the August 2020 form. For example, while Ms. Price referred to the

conditions of peripheral neuropathy and radiculopathy as the basis of her post-ALJ opinion, she never diagnosed Ms. Chapman with those conditions during the period of alleged disability. Because Ms. Price did not assess any of these conditions during the relevant period, they are not chronologically relevant, even though she included them in the August 2020 form.

The facts at hand distinguish Ms. Chapman's case from *Washington*, where the treating source's additional form submitted to the Appeals Council accurately reflected his historical treatment notes of the claimant's conditions. Here, the only condition that the Price Opinion mentions and is present in Ms. Price's treatment notes of Ms. Chapman is incontinence. Despite the mention of incontinence, however, there is no reasonable probability that the Price Opinion, weighed against all the evidence heard by the ALJ, would change the outcome of the administrative result.[1]

Accordingly, we agree with the district court that the Price Opinion is not chronologically relevant and thus did not have to be considered by the Appeals Council.

---

[1] Although the district court did not make an explicit finding on materiality, it held that "a review of [Ms.] Chapman's St. Michael's Clinic records [where Ms. Price examined Ms. Chapman] does not indicate that considering those records would have made a difference." *Chapman v. Soc. Security Administration, Comm'r*, No. 4:20-CV-01959-HNJ, 2022 WL 4236627, at *7 (N.D. Ala. Sept. 14, 2022). We conclude now that the Price Opinion was not material, either. *See Washington*, 806 F.3d at 1321 (allowing the consideration of factors that the Appeals Council did not when refusing to review new evidence).

**IV**

Next, we turn to Ms. Chapman's argument that the ALJ erred by not finding an additional severe impairment of incontinence at step two of the administrative hearing. In the Social Security context, we generally do not address issues not raised before the district court. *See Crawford v. Comm'r of Soc. Sec.*, *363* F.3d 1155, 1161 (11th Cir. 2004). *See also Stewart v. Dep't of Health & Human Serv.*, 26 F.3d 115, 115-16 (11th Cir. 1994) (stating that, "[a]s a general principle, this [C]ourt will not address an argument that has not been raised in the district court"). Because Ms. Chapman never raised this argument before the district court and extraordinary circumstances do not exist, we decline to consider it for the first time on appeal.

**V**

For the reasons set forth above, we affirm the district court's decision.

**AFFIRMED.**