[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11884
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-02081-JEO


TRACY TORRIS HUNT,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 17, 2015)


Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tracy Hunt appeals the district court's decision affirming the Social Security Commissioner's denial of his applications for disability insurance benefits and for supplemental security income.  The Administrative Law Judge ("ALJ") concluded that Hunt's alcohol abuse was a contributing factor material to the ALJ's disability determination and, thus, that Hunt was not disabled under the Social Security Act ("SSA").  Hunt also appeals the denial of his motion for a remand under 42 U.S.C. § 405(g).  No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied.  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Under this limited standard of review, we may not make fact-findings, re-weigh evidence, or substitute our judgment for that of the ALJ.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  The claimant bears the burden of proving his

2

disability and must produce evidence supporting his claim.  See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

The ALJ uses a five-step process to determine whether the claimant has met his burden of proving that he is disabled.  See Phillips v. Barnhart, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  First, the ALJ determines whether the claimant is engaged in "substantial gainful activity."  If not, the ALJ decides whether the claimant's impairment is "severe" and, if so, whether the claimant's impairment meets or equals a specified impairment in the Listing of Impairments.  If the claimant has a severe impairment that does not meet or equal a listed impairment, the ALJ assesses a claimant's "residual functional capacity" ("RFC"), which measures whether a claimant can perform past relevant work despite the impairment.  If the claimant is unable to perform past relevant work, the ALJ determines whether, in the light of the claimant's RFC, age, education, and work experience, the claimant can perform other work in the national economy.  Id.  "If the claimant cannot make the adjustment to other work," the claimant is deemed disabled.  Id. at 1239.

If medical evidence exists of a disabled claimant's alcohol abuse, the ALJ must then determine whether the claimant's alcohol abuse was a material contributing factor to the disability determination.  See 20 C.F.R. §§ 404.1535, 416.935(b)(1).  The "key factor" in this analysis is whether the claimant would still

3

be found disabled if he stopped using alcohol.  Id.  If the ALJ determines that the answer to this inquiry is "no," the claimant is not considered disabled under the SSA.  Id.; 42 U.S.C. § 423(d)(2)(C).  The claimant bears the burden of proving that he would still be disabled even if he stopped using alcohol.  Doughty v. Apfel, 245 F.3d 1274, 1275-76 (11th Cir. 2001).

In Hunt's case, the ALJ applied the initial five-step evaluation process and determined that Hunt had engaged in no substantial gainful activity since his application date.  The ALJ also determined that Hunt had severe impairments[1] but that none of Hunt's impairments met or equaled a Listed Impairment, including the listed impairment for mental retardation ("Listing 12.05(C)").  The ALJ then concluded that Hunt was unable to perform his past relevant work or to perform other work in the national economy and, thus, was disabled.

Given the medical evidence of Hunt's alcohol abuse, however, the ALJ then inquired into whether Hunt's alcohol abuse was a contributing material factor in the disability determination.  Given Hunt's age, education, work experience, and RFC, the ALJ determined that -- if Hunt stopped using alcohol -- he could perform several jobs in the national economy.  As a result, the ALJ concluded that Hunt's

---

[1] The ALJ identified as "severe" the following impairments: degenerative joint disease of the hips; mild to moderate spondylosis of the lumbar spine; alcohol dependence; alcohol-induced psychosis; and low borderline intellectual functioning secondary to ongoing alcohol abuse.

4

alcohol abuse was a material contributing factor to the disability determination and that Hunt was therefore not disabled under the SSA.

## I.

On appeal, Hunt argues that the ALJ erred in concluding that his limitations did not meet or equal Listing 12.05(C).[2] For a claimant to establish a disability under Listing 12.05(C), he must show (1) that he has "significantly subaverage general intellectual functioning with deficits in adaptive functioning" and (2) that he has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." See 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00A, 12.05; cf. Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997).

Substantial evidence supports the ALJ's determination that Hunt failed to satisfy the criteria for presumptive disability under Listing 12.05(C). Substantial evidence supports a finding that Hunt suffered no significant deficits -- as required under the first part of Listing 12.05(C) -- in adaptive functioning. Hunt performed a wide range of activities of daily living ("ADLs"), including personal grooming,

---

[2] On appeal, Hunt challenges only the ALJ's determination that he failed to meet the criteria under Listing 12.05(C). Hunt raises no challenge to the ALJ's determination that Hunt satisfied no listed impairment under sections 1.02, 1.04, 12.02, or 12.09: those arguments are abandoned. See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

dressing, preparing simple meals, driving, shopping, paying bills, counting change, reading, watching television, and spending time with others.  And, to the extent Hunt alleged difficulty in performing ADLs, he alleged difficulty based on physical pain, not on his cognitive limitations.

Hunt's work history is also inconsistent with a finding of mental retardation under Listing 12.05(C).  The record shows that Hunt held consistently a job for 27 years, and nothing evidences that Hunt required or received special accommodations from his employers.  The ALJ committed no error in considering Hunt's work history in evaluating the conclusive nature of his low IQ score.  See Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (an IQ score is not conclusive of intellectual disability "where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior"); Popp v. Heckler, 779 F.2d 1497, 1500 (11th Cir. 1986) (same).

The ALJ's determination is also supported by the medical opinions of two non-examining psychologists, Drs. Fleece and Gross.  Hunt argues, however, that the ALJ erred by giving greater weight to the opinions of Drs. Fleece and Gross than to the opinion of an examining psychologist, Dr. Nichols.

Based on a one-time evaluation, Dr. Nichols concluded that Hunt had a full scale IQ score of 51 and that Hunt functions in the mild range of mental retardation.  In contrast, Dr. Fleece, a state agency psychologist, concluded --

based on Hunt's long work history and on his reported ADLs -- that Hunt had low borderline cognitive functioning. Dr. Fleece commented that the low IQ test score was implausible given Hunt's work history, ADLs and given that Dr. Nichols determined (in spite of Hunt's low IQ score) that Hunt was only "moderately compromised" by his cognitive deficits. Dr. Fleece also opined that Hunt's intellectual capacity may have been diminished by his ongoing alcohol abuse. Dr. Gross, a psychologist reviewer with the Social Security Administration, agreed with Dr. Fleece's opinion.

In determining how much weight to give a medical opinion, the ALJ considers, among other things, (1) whether the doctor has examined the claimant; (2) the degree to which a doctor's opinion is supported by an explanation and by medical evidence; and (3) how consistent the doctor's "opinion is with the record as a whole." 20 C.F.R. §§ 404.1527(e), 416.927(e). Although the opinion of an examining doctor is generally entitled to greater weight than that of a non-examining doctor, the ALJ may reject any doctor's opinion if the evidence supports a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985).

Substantial evidence supports the ALJ's decision to give greater weight to the opinions of Drs. Fleece and Gross than to the opinion of Dr. Nichols. Dr. Fleece's opinion was explained fully, was supported by medical evidence, and was

consistent with the record as a whole.  Meanwhile, Dr. Nichols's assessment of Hunt's cognitive functioning was inconsistent with Hunt's medical history and with evidence in the record.[3]

Viewing the record as a whole, substantial evidence supports the ALJ's determination that Hunt proved no disability under Listing 12.05(C).

## II.

The district court committed no error in denying Hunt's motion to remand for the agency to consider evidence of Hunt's school records.  Pursuant to the sixth sentence of 42 U.S.C. § 405(g), the district court may remand a case to the agency for additional fact-finding "where new, material evidence is adduced that was <u>for good cause</u> not presented before the agency."  <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625, 2629 n.2 (1993) (emphasis added); <u>see also</u> 42 U.S.C. § 405(g).

Hunt has failed to show sufficient good cause for his delay in attempting to locate his school records (available since 1981) or for his (or his lawyer's) delay in submitting the school records to the Appeals Counsel.  In addition, the school records (which contained Hunt's IQ test scores when he was 14 years' old) would

---

[3] Moreover, because Dr. Nichols examined Hunt only once, she was no treating physician; and her opinion is unentitled to deference.  <u>See McSwain v. Bowen</u>, 814 F.2d 617, 619 (11th Cir. 1987).

not likely change the outcome of Hunt's case and, thus, are not "material" evidence

warranting a remand.  See Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987)

(new evidence is "material" if it is "relevant and probative so that there is a

reasonable possibility that it would change the administrative result.").

    AFFIRMED.