[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12093

Non-Argument Calendar

_____

NATASHA GLASBY,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00623-CLS

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Natasha Glasby appeals the district court's order affirming the Social Security Commissioner's denial of her claim for supplemental security income ("SSI"), pursuant to 42 U.S.C. § 1383(c)(3). First, she argues that the Appeals Council erred in denying review of the administrative law judge's denial of her claim for SSI when it refused to consider new evidence that was dated after the ALJ's decision, and that the Appeals Council's denial was not based on substantial evidence. Second, she argues that the ALJ failed to accord proper weight to the opinion of her treating physician and failed to provide good cause therefor as required by the "treating physician rule." We address each claim in turn.

I

We review *de novo* the legal principles on which the Commissioner's decision is based, but the Commissioner's factual findings are conclusive if supported by substantial evidence. *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). The Commissioner's decision will not be disturbed if, in light of the record as a whole, it appears to be supported by substantial evidence, which is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). When a claimant properly presents new

evidence to the Appeals Council, we consider whether that new evidence renders the denial of benefits erroneous. *See Ingram*, 496 F.3d at 1262.

Following the decision of an ALJ, a claimant may request a review of her claims by the Appeals Council. *See* 20 C.F.R. § 416.1468(a). A claimant is allowed to present new evidence to the Appeals Council. *See Washington v. Comm'r of Soc. Sec.*, 806 F.3d 1317, 1320 (11th Cir. 2015). Evidence that a claimant wishes to be considered by the Appeals Council should be filed along with the request for review. *See* 20 C.F.R. § 416.1468(a). New evidence must be both new and material, and the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the ALJ hearing decision. *See* 20 C.F.R. § 416.1470(a)(5). We have held that the Appeals Council, in denying a request for review, is not required to "give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014) (concluding that the Appeals Council adequately evaluated new evidence submitted where it accepted the evidence but denied review because the additional evidence failed to establish error in the ALJ's decision).

Whether evidence is new, material, and chronologically relevant is a question of law subject to *de novo* review. *See Washington*, 806 F.3d at 1321. If we determine that the Appeals Council erroneously refused to consider evidence, then the Council committed legal error and remand is appropriate. *See id.* at 1321–23,

1323 n.9 (reversing and remanding the district court's decision because the Appeals Council failed to consider evidence that was new, material, and chronologically relevant and noting that the Council did not err when it refused to consider other evidence that was not new or material).

Evidence is material if there is a reasonable probability that it would change the administrative result. *See Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987).  New evidence is chronologically relevant if it relates to the period before or on the date of the ALJ hearing decision. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  Medical examinations conducted after an ALJ's decision may still be chronologically relevant if they relate back to a time on or before the ALJ's decision. *See Washington*, 806 F.3d at 1319, 1323.

In *Washington*, we held that the opinion of a psychologist who examined the claimant seven months after the ALJ's decision was chronologically relevant. *See id.* at 1322–23.  We determined that the psychologist's materials were chronologically relevant because (1) the claimant described her mental symptoms during the relevant time period to the psychologist, (2) the psychologist had reviewed the claimant's mental health treatment records from that period, and (3) there was no evidence that the claimant's mental health declined between the date of the ALJ's decision and the date of the psychologist's examination. *See id.*  In a later case, we distinguished *Washington* and determined that new medical records were not chronologically relevant because nothing in the new

records indicated that the doctors had considered the claimant's past medical records or that the information in them related to the period at issue. *See Hargress v. Comm'r of Soc. Sec.*, 883 F.3d 1302, 1309–10 (11th Cir. 2018). *See also Washington*, 806 F.3d at 1323 (limiting its holding to "the specific circumstances" of the case).

Here, the new evidence submitted to the Appeals Council Appeals Council included Dr. Nichols' psychological evaluation, which was after the ALJ's decision. The Appeals Council stated that it reviewed this evaluation and concluded that there was no reasonable probability that it would change the ALJ's decision.

After reviewing the record, we cannot say the Council erred. First, Dr. Nichols did not consider the medical evidence from the entire period of time at issue. Second, some of Dr. Nichol's examination was unremarkable. Third, Dr. Nichol's opinion seemed to be based on Ms. Glasby's then-current state. In sum, the Appeals Council did not err in denying review, and the newly submitted evidence to the Appeals Council did not render the ALJ's denial of benefits erroneous.

## II

The ALJ considers medical opinions from acceptable medical sources, which include licensed physicians and licensed psychologists. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a)(2). For claims filed on or after March 27, 2017, new regulations apply to the consideration of medical opinions. *See* 20 C.F.R. § 404.1520c. This new regulatory scheme no longer requires the ALJ to assign more

weight to medical opinions from a claimant's treating source or to explain why good cause exists to disregard the treating source's opinion. *Compare* 20 C.F.R. § 404.1520c(a), *with* 20 C.F.R. § 404.1527(c)(2).

Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. *See* 20 C.F.R. § 404.1520c(c)(1)–(5). The ALJ may, but need not, explain how he considered factors other than supportability and consistency, which are the most important factors. *See id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical findings, the more persuasive the medical opinion(s) or prior administrative medical findings(s) will be." § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical findings(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical findings(s) will be." § 404.1520c(c)(2). The regulations also provide that statements on issues reserved to the Commissioner, including statements that an applicant is or is not disabled or able to work, are inherently neither valuable nor persuasive to the issue of whether an applicant is disabled, and that the agency

will not provide any analysis about how it considered such evidence in its determination or decision. *See* § 404.1520b(c)(3)(i).

Before the issuance of new regulations, we had held that the opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *See Broughton v. Heckler*, 776 F.2d 960, 961–62 (11th Cir. 1985); *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir. 1980). Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004). This rule was formally recognized in the regulations and applies to claims filed before March 27, 2017. *See* 20 C.F.R. § 404.1527(c)(2). However, the Supreme Court has explained that "[a] court's prior judicial construction of a statute trumps an agency construction otherwise entitled to. . . deference [under *Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837 (1984)] only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–84 (2005).

Under 42 U.S.C. § 405(a), which is incorporated into 42 U.S.C. § 1383, the Commissioner has the authority to promulgate rules and regulations "necessary or appropriate to carry out" the relevant statutory provisions and "to regulate and provide for

the nature and extent of the proofs and evidence" required to establish the right to benefits under the Social Security Act. 42 U.S.C. §§ 405(a), 1383(d)(1). Additionally, the Social Security Act provides that "[t]he Commissioner may prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration." 42 U.S.C. § 902(a)(5). The Supreme Court has noted that judicial review of regulations promulgated under 42 U.S.C. § 405(a) is limited to determining whether they are arbitrary, capricious, or in excess of the Commissioner's authority. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). Similarly, in *Chevron*, the Supreme Court explained that, where a statute is silent or ambiguous as to specific issue, the courts should defer to the agency's regulatory construction of the statute unless it is arbitrary, capricious, or manifestly contrary to statute. 467 U.S. at 842–44.

Here, the ALJ did not err in applying the new regulations to find that the opinion of Ms. Glasby's treating physician—as to whether Ms. Glasby was disabled—was an issue reserved to the Commissioner. And substantial evidence supports the ALJ's finding that the treating physician's opinion was otherwise not persuasive.

## III

The district court's decision is affirmed.

**AFFIRMED.**[1]

---

[1] Ms. Glasby's motion to remand for rehearing before a different ALJ is DENIED.